**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Lisa Gilliard, on behalf of Marvin Gilliard, Deceased, Appellant,

v.

City of Greenville, Employer and Self-Insured, and Hewitt, Coleman & Associates, Inc., TPA, Respondents.

Appellate Case No. 2013-001117

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2014-UP-296
Submitted June 1, 2014 – Filed July 23, 2014

**AFFIRMED**

Joseph A. Mooneyham and Joshua Thomas Hawkins, both of Mooneyham Berry, LLC, of Greenville, for Appellant.

Michael Allen Farry and Bruce Bellinger Campbell, both of Horton, Drawdy, Ward, Mullinax & Farry, PA, of Greenville, for Respondents.

**PER CURIAM:**  Lisa Gilliard, on behalf of Marvin Gilliard, deceased, appeals the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission's (Appellate Panel's) determination that Marvin did not suffer a compensable occupational disease.  On appeal, Lisa argues the circuit court erred in finding she failed to prove Marvin suffered an occupational disease as defined by the Workers' Compensation Act.  Because substantial evidence supports the Appellate Panel's decision, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel].  An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." (internal citations omitted)); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (internal quotation marks omitted)); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The Appellate Panel is the ultimate fact finder in Workers' Compensation cases and is not bound by the [s]ingle [c]ommissioner's findings of fact."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the [Appellate Panel] are conclusive.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.